THE NEMAHA FAIR ASSOCIATION v. S. R. MYERS, as Chairman of the Board of Commissioners of Nemaha County.

AGRICULTURE, Act to Encourage—Valid Statute.    Section 8 of an act for the encouragement of agriculture, approved February 19, 1872, General Statutes of 1889, ¶ 6256, authorizing the chairman of the board of county commissioners under certain circumstances to issue an order on the county treasurer in favor of the treasurer of a county or district agricultural society, for a sum of money not in any case exceeding $200, is not unconstitutional or void.

Original Proceeding in Mandamus.

THE opinion, filed at the session of the court in June, 1890, contains a sufficient statement of the case.

Emory & Thompson, and C. H. Stewart, for plaintiff in error.
Abijah Wells, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This is an action of mandamus, brought originally in this court by the Nemaha Fair Association, a corporation existing under the laws of this state, and whose principal place of business is in Nemaha county, against S. R. Myers, the chairman of the board of county commissioners of said county, to compel him to issue an order on the treas-

urer of that county in favor of the treasurer of the plaintiff for the sum of $200. The application for the writ of *mandamus* is founded upon the provisions of an act entitled "An act for the encouragement of agriculture," approved February 19, 1872, and the amendments to such act passed in 1873 and 1874. (Gen. Stat. of 1889, ¶¶ 6249–6260.) The only sections of the act which need to be referred to are § 2 as amended in 1873, and § 8. These sections read as follows:

"SEC. 2. That every county or district agricultural society, composed of one or more counties, whether now organized or hereafter to be organized under the laws of the state of Kansas, shall be entitled to send the president of such society, or other delegate therefrom, duly authorized in writing, to the annual meeting of the state board of agriculture, to be held on the second Wednesday of January of each year, and who shall, for the time being, be *ex officio* members of the state board of agriculture: *Provided,* That the secretary of each district or county society, or such other person as may be designated by the society, shall make a monthly report to the state board of agriculture, on the last Wednesday of each month, of the condition of crops in his district or county, make a list of such noxious insects as are destroying crops, and state the extent of their depredations, report the condition of stock, give a description of the symptoms of any disease prevailing among the same, with means of prevention and remedies employed so far as ascertained, and such other information as will be of interest to the farmers of the state: *And provided further,* That each county or district society herein mentioned, which shall have held a fair the current year, offered and awarded premiums for the improvement of stock, tillage, crops, implements, mechanical fabrics and articles of domestic industry, shall make out a statement containing a synopsis of the awards, and an abstract of the treasurer's account, and report on the condition of agriculture in their county to the state board. Such statement to be forwarded by mail or otherwise, to the secretary of the state board, on or before the fifteenth day of November of each year. It shall be the duty of the secretary of the state board of agriculture to furnish the monthly reports, provided for in this section, to the press of the state."

"SEC. 8. Whenever any county or district society, composed of one or more counties, which shall have complied fully with

the provisions of the second section of this act so as to be entitled to a representation in the state board of agriculture, and shall then have raised and paid into the hands of their treasurer a sum not less than fifty dollars ($50), either by voluntary contribution or fees imposed upon their members, and a certificate showing the fact, attested by the president and treasurer of said society under oath, shall be presented to the chairman of the board of county commissioners of the county where said fair has been held, then it shall be the duty of the chairman of said board of county commissioners to issue an order on the treasurer of said county in favor of the treasurer of said society for a sum equal in amount to the sum so paid into the treasury of said society by the members thereof, said moneys to be used wholly for the payment of premiums awarded at the fair held by the society within said county: *Provided*, The amount so drawn from the county treasury shall not exceed two hundred dollars ($200) in any one year."

Everything is alleged in this case necessary to entitle the plaintiff to the relief demanded, provided the foregoing sections are constitutional and valid. It is claimed that § 8 above quoted is unconstitutional and void, as being in contravention of § 4, article 11 of the constitution, which provides that "No tax shall be levied except in pursuance of a law which shall distinctly state the object of the same, to which object only such tax shall be applied." We do not think that the statute is invalid for any such reason. The amount permitted to be drawn from the county treasury under this statute will be paid out of the general county fund levied and collected for the payment of the general current expenses of the county. Nor is the act invalid because it authorizes the chairman of the board of county commissioners to issue the order without the previous allowance of the demand by the full county board. It is a matter within the control of the legislature and for it to determine, and it may provide that one person, or three, or any other number, may investigate claims against the county, and may audit and allow the same. As the plaintiff in this action has set up every fact necessary to entitle it to the amount demanded, we think the writ of *mandamus* should be allowed.

If, however, there are any other facts which would defeat the plaintiff's right, such facts may be set up as a defense.

The demurrer to the application and writ will be overruled.

All the Justices concurring.