THE NEMAHA FAIR ASSOCIATION v. C. B. THUMMEL, *as Chairman of the Board of Commissioners of Nemaha County, et al.*

AGRICULTURE — *State Board — County Society — Appropriation.* In order to entitle a county or district agricultural society to representation in the state board of agriculture, the reports prescribed in ¿ 2 of the act for the encouragement of agriculture (Gen. Stat. of 1889, ¶ 6250) must have been made; and unless these reports have been made at the times and in the manner required, such society is not entitled to demand an appropriation of the public moneys of the county, such as is provided for in § 8 of the act mentioned.

*Original Proceeding in Mandamus.*

.THE opinion, filed on October 10, 1891, states the facts.

*R. M. Emery,* and *C. H. Stewart,* for plaintiff.
*Wells & Wells,* for defendants.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding in *mandamus,* brought originally in this court by the Nemaha Fair Association, to compel the chairman of the board of county commissioners of Nemaha county to issue and deliver to the plaintiff an order on the treasurer of the county for $200. The claim is made under the provisions of "An act for the encouragement of agriculture," and particularly under § 8 of that act. (Gen Stat. of 1889, ¶¶ 6249, 6257.)

In an earlier stage of this litigation, the validity of § 8 was challenged and sustained. (*Fair Association v. Myers,* 44 Kas. 132.) Since that time, Thummel was elected chairman of the board of county commissioners, to succeed Myers, and he has been substituted in the place of Myers as the defendant. The Sabetha District Fair Association, upon application, was made a defendant herein, and alleged that it was entitled to the $200 in controversy, by reason of being a district agricultural society, and having held a fair, collected $500 by voluntary contribution, and having made all necessary reports to the secretary of the state board of agriculture, and performed everything else required by law to be done to entitle it to the sum of $200 from Nemaha county.

The statute having been held to be constitutional, the question remains whether the plaintiff has complied with the requirements of the statute so as to be entitled to demand from the county the statutory allowance. It is alleged in the alternative writ, that the plaintiff is a duly-organized agricultural society, formed November 24, 1882, "to encourage agriculture, horticulture, mechanics, and the fine arts, the im-

provement of the breed of domestic animals, and to hold fairs for the exhibition of skilled industry and enterprise;" that its capital stock is $7,000, which has been voluntarily contributed by the members, and is fully paid; that the plaintiff has held annual fairs in Nemaha county since its organization, and has paid annually to exhibitors not less than $1,500 for premiums, and has annually sent a delegate from the society to the meeting of the state board of agriculture, which delegate has been duly recognized by and admitted as a member of that board. The writ further alleges:

"That the secretary of the plaintiff has made monthly reports to the state board of agriculture on the last Wednesday of each month since its organization, of the condition of the crops in its county, and made a list of such noxious insects as were destroying the crops, if any, and stated the extent of their depredations; and reported the condition of stock, giving a description of the symptoms of any disease prevailing among the same, with the means of prevention and remedies employed, so far as ascertained, and such other information as was of interest to the farmers of the state; and did also make out a statement containing a synopsis of the awards at the fair at the current year, offered and awarded as premiums for the improvement of stock, tillage, crops, implements, mechanical fabrics and articles of domestic industry, which exceeds the sum of $1,500, and an abstract of the treasurer's account, and reported on the condition of agriculture in its said county of Nemaha to the state board, said statement being forwarded by mail to the state board on or before the 15th day of November of each year."

The facts which have been agreed upon, however, do not measure up with the allegations of the plaintiff. It is practically conceded by counsel that the Sabetha District Fair Association has not met the requirements of the statute, and is therefore not entitled to demand from the county $200, or any other sum; and counsel for defendants insist that the Nemaha Fair Association is not entitled to the allowance for three reasons: (1) That it is not such an agricultural society as is contemplated by the act; (2) that it has not made the reports required by the statute; and (3) that it has not raised from

its members and paid into its treasury the required sum of money. The facts satisfactorily show that the first objection is not well taken, as the plaintiff appears to be an agricultural society such as would be entitled to the statutory bounty if it had complied with the requirements of the statute.

The second objection urged against the demand of the plaintiff is good, as it has clearly failed to follow the directions of the statute in respect to the making of reports. The conditions upon which a society can demand an allowance are clearly stated in the act providing for the same, and the making of monthly and annual reports to the state board of agriculture are among the most important. In respect to the monthly reports, it is provided, in § 2 of the act—

"That the secretary of each district or county society, or such other person as may be designated by the society, shall make a monthly report to the state board of agriculture, on the last Wednesday of each month, of the condition of crops in his district or county, making a list of such noxious insects as are destroying crops, and state the extent of their depredations, report the condition of stock, giving a description of the symptoms of any disease prevailing among the same, with means of prevention and remedies employed, so far as ascertained, and such other information as will be of interest to the farmers of the state."

After the fair has been held, another report is required, containing a synopsis of the awards, as well as other information. The record discloses that no report was made for January or February of the year on which the demand was made, and that the first report made was on March 31, 1888, which is called a quarterly report, and contained most of the information required to be furnished in each monthly report. On May 31, 1888, a postal-card report was made, giving the condition of the crops, including apples and cherries, and also reporting with reference to rainfall and chinch-bugs, but no mention was made of the condition of stock. A postal-card report was made on June 30, 1888, similar to the one of the preceding month, and it contained no reference to the condition of stock, or the diseases prevailing among the same. On

July 31, 1888, a report covering substantially the same ground as the last one was made, and which was equally incomplete. On August 31, 1888, a report was made upon a postal card in respect to the area planted in corn, the difference in results between listed corn and that put in with a planter, and the estimated product per acre of the same. No other facts were stated in the report. In September, 1888, a full report was made as to the average yield of the various crops grown in the county, and the average value of the same, as well as the average value of live stock, and of the wages paid for farm laborers during the season. Nothing whatever was said about the condition of the growing crops or the noxious insects, nor about the condition of stock or the diseases prevailing among stock, as the statute requires. In the same month the annual report was made, which, although quite full, did not cover all the subjects upon which a report is required. No other reports were made or attempted during the year, and the reason given for the omission is that no others were required by the secretary of the state board. It is agreed that the secretary of the state board, for a long time prior to 1888, had assumed to and did direct, by means of blanks sent out to the various agricultural societies throughout the state, what information should be furnished to the office with respect to crops, stock, insects, etc., and that the plaintiff had filled up all the blanks sent to it, and answered fully all the questions asked by the secretary. It further appears that the secretary wrote to the plaintiff, stating that, on examination of the records of the office, it appeared that the plaintiff had made all the reports required by law, entitling it to a delegate to the annual meeting to be held on January 9, 1889. The delegate was elected by the plaintiff, and was recognized and admitted as a member of the state board at its annual meeting.

The plaintiff contends that as it has made all the reports required by the secretary of the state board, and as it was accorded representation in the state board at the annual meeting, that no other or further reports were necessary or essential to the payment of the $200. The will of the legislature

and not that of the secretary must control. The legislature has specifically provided when the reports shall be made, and what they shall contain, and has further provided that the making of these reports is a prerequisite to an allowance by the county. The society can demand the money from the county only when it "shall have complied *fully* with the provisions of the second section of the act, so as to be entitled to a representation in the state board of agriculture." (Gen. Stat. of 1889, ¶ 6256.)

County agricultural society; appropriation.

It is not left to the secretary nor to the state board to determine what acts are to be performed and what conditions exist to entitle a society to representation, or to entitle it to demand an appropriation of public money from the county. These limitations are fixed by the statute, and they can neither be ignored nor modified by the secretary. The fact that the society was given representation on the state board is not the test of its right to the money, but it is whether it was entitled to representation; and the statute provides that it shall not be so entitled unless it has made the monthly and annual reports. One of the principal objects of the state board of agriculture is the collection and dissemination of information of interest to the farmers of the state. To accomplish this beneficial purpose the monthly reports are required from the county and district societies, which in a certain sense form a part of the state board. In order to encourage the local societies in making these reports, and also in making an annual exhibit of the products of the county or district, the allowance of $200 is authorized. If they are not made regularly and promptly, as the statute prescribes, the county is under no obligation to the society, and the chairman of the county board has no right to issue an order upon the county treasurer for $200 or any other sum.

As the Nemaha Fair Association and the Sabetha District Fair Association have both failed to comply with the statutory requirements, neither of them is entitled to the relief demanded. The peremptory writ will therefore be denied.

All the Justices concurring.